## A L B A N Y , ( N . Y. ) 1 8 1 4 .

*In the Matter of* }  HABEAS CORPUS.
*Amasa Roode.* }

*J. V. N. Yates*, Recorder.  The prisoner claims to be discharged under the 23d section of the act of Congress of March 16th, 1812, which enacts, "that no non-commissioned officer, musician, or private, shall be arrested, or subject to arrest, or be taken in execution for any debt *under* the sum of twenty dollars contracted *before* enlistment, nor for *any* debt contracted after enlistment."

*Construction of the act of congress, in relation to the arrest of an enlistened soldier in the U. S. army, March 16th, 1812.*

It appears that the prisoner is confined in the prison of Albany county, on mesne process, issuing out of the said county, at the suit of John Shepard, for a debt of twenty-eight dollars and fifty cents.  The facts in this case, as disclosed on the return of the habeas corpus being made to me, (of which the plaintiff by my order had previous written *notice*, and attended accordingly,) appear to be as follows :

The prisoner is a private, duly enlisted in the United States army.  Before his enlistment, he was indebted to three several persons in small sums, neither of which amounted to twenty dollars, but which in the aggregate exceeded that sum.  After his enlistment, the prisoner was induced to give his note to each of those three persons, for the sums he respectively owed them, which notes came to the plaintiff's (Shepard's) hands by purchase or assignment, and being negotiable, the plaintiff

ALBANY,

In the Matter
of
Amasa Roode.

consolidated them in one suit, and in this suit the prisoner is at present in custody.

Technically speaking, the cause of action in this case accrued to Shepard after the enlistment ; and if the debt is to be assimilated to the cause of action, then no doubt can remain that this demand was contracted after enlistment; certainly before the enlistment Shepard was not a creditor : his right as endorser arose subsequently, and the very form of declaring by endorser against drawer, alleges a promise or assumption (the basis of the action) by the defendant to the plaintiff, after the notes were assigned or endorsed. Hence, upon a strict application of legal principles, the relation of debtor and creditor did not exist between the parties until after enlistment.

In this case, I am inclined to adopt these principles : By it, full effect is given to the act of congress, which ought to receive a favourable construction, as being made for the support and defence of the country ; this, too, will prevent a volunteer creditor from interposing his claims between the government and its military forces, and will prevent fraudulent or colourable purchase of debts being made, with a view either to harass the soldier, or diminish the national strength.

I am clearly of opinion, therefore, that the prisoner, under the particular circumstances of this case, comes within the operation of the act of congress, and must be discharged from imprisonment.

The prisoner was accordingly discharged from prison, and delivered over to his commanding officer.